Judge Underwood,
delivered the Opinion of the Court.
On tile 9th of January, 1827, W. C, Barnett, A. Hocker and J. Kincaid executed their joint and several note to Burgess, for $800. Barnett dying insolvent, and Hocker having paid a great part of the debt and replevied the balance, filed his bill against Kincaid, lor contribution, alleging that they were eo-surelies. The court decreed $340 against Kincaid, and he has appealed. '1 wo grounds are assumed for the reversal of the decree: first, that the allegations of the bill are insufficient: Second, the facts proven show that Kincaid is not liable.
Upon the first point, we deem it useless to comment, because it appears that Hocker has paid the debt, and upon the teturn of the cause, leave may be given him to amend his bill by averring the fact.
Upon the second point, we admit there is some doubt. Without going into a detail of the various acts, and then comparing, reasoning, and stating de *334 ductions, we shall- content ourselves with giving the result. We think Barnet Hocker and Kincaid associated to borrow the $800 advanced by Burgess, agreeing among themselves that Kincaid should have ^01' separate use $100, and that the balance should he equally divided between Barnett and Hocker, giving to each $350. It was a partnership concern obtain the money of Burgess. All were to be bound to him, but they were to divide it out among themselves in the proportions stated. The parties stood as principal's in the note to Burgess for the Portions of the money severally received by them-, Barnett failed. The $-350 which he should have paid therefore becomes a charge upon Hooker and ifjI)Caid, owing to Barnett’s insolvency, and the question is how they ought to divide the loss. The benefit resulting to the associates from borrowing tjle money, was in proportion to the sums they severally received out of the amount borrowed, and therefore the loss occasioued by the insolvency of either partner, should be borne by the solvent partners in the same proportion. This principle is applied by Pothier, in his treatise on obligations, vol. 1 174, to cases like the present, and we regard the rule as based upon the purest equity.
Brown for appellant; Owsley for appellee?
It results that Hocker should pay seven ninths of the $350, which Barnett was bound for as principal, in addition to the $350 received by him, and that Kincaid should pay the remaining two ninths of Barnett’s $350, in addition to the $100 received by him.
The court decreed against Kincaid much more than he is chargeable with according to this rule.
Wherefore the decree is reversed, with costs, and the cause remanded for proceedings not inconsistent herewith.
The chief justice is of opinion, that the proof shews that Kincaid was principal to the e.xtent of $100 — and that I-locker and Barnett were principals, ami Kincaid their surity, for the residue, towit: $700: and that, therefore, he should not be required to contribute any pait of the latter sum for which h<e was only Hooker’s security.